## BUTTERWORTH v. WHITE.

### September 16, 1837.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

In general, a defendant shall not be twice vexed by being held to bail for the same cause of action. But where there has been an inadvertence or mistake in the plaintiff's affidavit, and no actual oppression or design to harass appears, the court will allow, in its discretion, a second arrest.

IN this case, on Aug. 9, 1837, a *capias ad respondendum* issued to September term, 1837, No. 88. Bail 3000 dollars. Plaintiff's affidavit filed. *Broom*, attorney.

August 11, 1837, the defendant was arrested by the sheriff, who took him in custody to the chambers of Judge Jones, who granted a citation returnable next day at 10 A. M. Defendant then gave bail to the sheriff.

August 12, 1837, parties and their counsel appeared before the judge. The plaintiff's affidavit was read and objected to. The judge intimated his opinion that it was insufficient, but postponed his decision till 1 o'clock, referring the parties to Nevins *v.* Merrie, 2 *Whart.* 499. At 1 P. M. defendant appeared, but plaintiff did not, and the rule was made absolute. In the mean time, and pending this adjournment, plaintiff discontinued his suit, and brought a new one (the present, September term, '37, 128), avowedly for the same cause of action, filed a new affidavit, and required the same amount of bail; on which defendant was arrested while returning from the judge's chambers, and within a short distance therefrom. Defendant returned in custody to the judge, who granted a new citation, returnable 14th. Defendant again gave bail.

August 14, 1837, on hearing, the rule was discharged, and an appeal granted by the judge to the court in bank.

*Broom*, for plaintiff.
*J. A. Phillips*, for defendant.

[Butterworth v. White.]

The counsel cited: 3 *Yeates* 56; 4 *Yeates* 206; 3 *East* 309, Imlay *v.* Ellis; 2 *Dall.* 330; Ingel *v.* Brown, June term, 1836, MSS. in this court; 2 *Watts* 167.

Per Curiam.—In every case of this kind, the court must exercise a sound discretion. While a defendant shall not be *twice vexed* by being held to bail for the same cause of action, yet where the circumstances show there was no actual oppression, and no design to harass, the court will not allow the defendant so far to take advantage of a mere inadvertence or mistake of the plaintiff in the first instance, as to obtain a discharge on common bail on a second writ rightly issued.

Rule discharged.